IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Richard H.,[1]

    Plaintiff,

                                          Case No. 1:24-cv-530

    v.

**COMMISSIONER OF**                                 Magistrate Judge Kimberly A. Jolson
**SOCIAL SECURITY,**

    Defendant.

## OPINION AND ORDER

This matter, in which the parties consented to the jurisdiction of the Undersigned under General Order 22-04 (*see* Doc. 2), is before the Court on counsel for Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1). (Doc. 15). The Motion is **GRANTED**. Plaintiff's counsel shall be awarded attorney's fees in the amount of $18,750.75. Because counsel previously received attorney's fees under the Equal Access to Justice Act ("EAJA"), as well as attorney's fees released by the Social Security Administration ("SSA"), any amount received under the EAJA and from the SSA shall be returned to Plaintiff to prevent double recovery of fees. *See Jankovich v. Brown*, 886 F.2d 867 (6th Cir. 1989).

**I.    BACKGROUND**

Plaintiff filed his Complaint seeking judicial review of the SSA's Notice of Award from this Court on September 24, 2024. (Doc. 1). On February 13, 2025, on the parties' joint request,

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

the Court remanded the matter for further proceedings under Sentence Four of 42 U.S.C. § 405(g). (Doc. 11). Following remand, the SSA awarded Plaintiff $75,003 in past-due benefits. (Doc. 15 at 16). Plaintiff's counsel now moves for an award of attorney's fees in the amount of $18,750.75 under 42 U.S.C. § 406(b). (Doc. 15). That motion is now ripe for consideration. (*See* Doc. 16).

## II.     DISCUSSION

In Supplemental Security Income ("SSI") or Disability Insurance Benefit ("DIB") cases, the Court is authorized to award attorney's fees following a successful Social Security disability appeal. *See* 42 U.S.C. §§ 402(b)(1), 1383(d)(2). Importantly, such contingency fees (1) may not exceed 25 percent of the past-due benefits, which the claimant receives as a result of an appeal, and (2) must additionally be reasonable for the services rendered. *Gisbrecht v. Barnhard*, 535 U.S. 789, 802 (2002).

The Social Security Act "does not displace contingen[cy]-fee agreements," but rather "calls for the court's review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* A twenty-five percent contingency fee agreement "should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Brown*, 865 F.2d 739, 746 (6th Cir. 1989). A reduction of a contingency fee award may be appropriate when counsel acts improperly or provides ineffective assistance, or when "counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id.* A windfall can never occur when "the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990).

On February 21, 2025, the Court awarded Plaintiff's counsel attorney's fees in the amount of $5,200 under the EAJA. (Doc. 14). Then, on August 12, 2025, the SSA withheld 25 percent

2

of Plaintiff's past due benefits in the amount of $18,750.75 for use toward attorney's fees. (Doc. 15 at 17). Of that amount, the SSA released to Plaintiff's counsel $9,200.00 and withheld the remaining $9,550.75 in case Plaintiff's counsel "asks the Federal Court or a fee for work that was done before the Court." (*Id.*). Now, Plaintiff's counsel requests fees under 42 U.S.C. § 406(b)(1) and his contingency fee agreement with Plaintiff in the amount of $18,750.75. (Doc. 15). Alternatively, Plaintiff asks the Court to offset his previously received EAJA fees, and to order the SSA to award him a net fee of $13,550.75. (Doc. 15 at 11–12). As support, he provided time sheets documenting the time spent on Plaintiff's case (*see* Doc. 15 at 22–23), evidence pertaining to the basis of his hourly rate (*see* Doc. 15 at 25–26), and evidence pertaining to his skill level and experience. (*See* Doc. 15 at 24–26). He also provided a signed statement from Plaintiff, who supports this reimbursement. (Doc. 15 at 121).

Plaintiff's counsel calculates that the $18,750.75 award is equivalent to a "hypothetical hourly rate" of $776.43 per hour for the 24.15 hours he spent on Plaintiff's case. (Doc. 15 at 9 (citing Doc. 15 at 22–23)). Plaintiff's counsel notes that this hourly rate is approximately double his standard non-contingent hourly billing rate of $375 per hour. (*Id.*). He also provides documentation demonstrating that the median non-contingent hourly rate for administrative law attorneys in Ohio in 2023 was $350, with a mean of $338; slightly lower than that of Plaintiff's counsel. (Doc. 15 at 67).

The Sixth Circuit has recognized that "a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes*, 923 F.2d at 422. If the hypothetical rate is equal to or greater than twice the standard rate, as it is here, the Court may consider "arguments designed to rebut the presumed reasonableness of the attorney's fee." (*Id.*). But Defendant does not object to fees in this case. (Doc. 16 at 2). Nor does Defendant request a lower

3

amount be awarded or argue that the amount requested is unreasonable. (*Id.*). In the absence of such a rebuttal, Plaintiff's hypothetical rate may be presumed reasonable. *Hayes*, 923 F.2d at 422.

Finally, Plaintiff's counsel represents that, because counsel previously received attorney's fees under EAJA and from the SSA, any amount received will be returned to Plaintiff to prevent double recovery of fees. (Doc. 15 at 11). Upon review of Plaintiff's Motion, accompanying evidence, including for example, the materials submitted regarding the skill and experience of counsel (*see*, *e.g.*, Doc. 15 at 24–26), and relevant legal authority, the Court finds that the amount requested is reasonable and does not result in windfall. Accordingly, the Court **GRANTS** Plaintiff's Motion.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's motion (Doc. 15) is **GRANTED**, and Plaintiff's counsel is awarded a fee of $18,750.75. Because counsel previously received attorney's fees under the EAJA and from the SSA, Plaintiff's counsel is **ORDERED** to reimburse to Plaintiff any amount received from these sources to prevent double recovery of fees.

IT IS SO ORDERED.


Date: September 29, 2025                             /s/ Kimberly A. Jolson
                                                                                                              KIMBERLY A. JOLSON
                                                                                                              UNITED STATES MAGISTRATE JUDGE